UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RODNEY J. FONTANA, ET AL

VERSUS

CEC ENTERTAINMENT, INC., D/B/A
CHUCK E. CHEESE'S, ET AL

CIVIL ACTION

NUMBER 07-37-JVP-SCR

### RULING ON MOTION TO COMPEL DISCOVERY

Before the court is the Motion to Compel discovery filed by defendant CEC Entertainment, Inc., d/b/a Chuck E. Cheese's. Record document number 21. The motion is opposed.[1]

Plaintiffs claim that Rodney J. Fontana lost substantial income – more than $340,000 – as a result of the injury he allegedly sustained when he fell off a Wave Runner at the defendant's restaurant on December 22, 2005. Interrogatory Nos. 4, 5 and 6 of the defendants's third set of interrogatories sought financial and other information and documents related to the lost earnings claim. Request for Production Nos. 4, 5 and 6 sought financial and other documents related to the lost earnings claim. These discovery requests were limited to the period from January 1, 2005 to the present. Plaintiffs objected on the ground that the discovery was overly broad, unduly burdensome, not reasonably intended to lead to the discovery of admissible evidence, and would invade the plaintiffs' privacy.

---

[1] Record document number 27.

Defendant moved to compel the plaintiffs to produce the requested information and records. Defendant argued that the plaintiffs placed their financial condition at issue when Rodney Fontana made a claim for lost earnings and lost earning capacity, and the requests are limited to the year when the accident occurred (2005) and forward. Defendant noted that the plaintiffs admitted in their depositions that they did not keep good records and they had not filed tax returns for the three years before the accident.

In their opposition the plaintiffs pointed to their expert's report, and seemed to argue that the defendant has no right to audit the plaintiffs' tax returns since these were prepared based on information provided to their tax preparer.

Plaintiff's argument is unpersuasive. Plaintiffs did not disclose what information they provided to their tax preparer from which he determined the amount of income and expenses to report.[2] Nor did the plaintiffs disclose what information they provided to their expert.[3] Defendant is not required to blindly accept the plaintiffs' representations regarding the information they provided to their tax preparer and expert without an opportunity to assess

---

[2] Plaintiffs' tax returns for 2003 and 2004 are dated December 13, 2007. Their 2005 return is dated October 24, 2007. Their return for 2006 is dated December 14, 2007. Record document number 21, Exhibit C. Copies of the business income or loss Schedule C or C-EZ were not included in the exhibit filed by the defendant.

[3] Both the plaintiffs and the defendant referred to the expert's report but the report was not submitted to the court

the reliability and completeness of the underlying data.  Plaintiff Sherrie Fontana testified in her deposition that most of the plaintiffs' customers paid by check, and the plaintiffs' landscaping/yard maintenance business did not maintain a separate bank account.  Logically, the plaintiffs' bank statements would contain records of these checks being deposited, as well as checks written and other withdrawals for business expenses.  Because the plaintiffs' chose to conduct their business through their personal bank account, rather than establish a separate account for their business, they cannot complain that production of their bank records will also disclose their personal financial information.[4]

Interrogatory No. 4 also sought information about any credit union, savings and loan, brokerage and other financial accounts. Defendant has not made a convincing showing or argument that information regarding these types of accounts will likely be or lead to relevant admissible evidence.  Such accounts more often are used for loans and investments rather than as a personal checking account.  However, if the plaintiffs deposited payments for their business in to such accounts, or used funds from such accounts for their business, they will be required to identify them and produce account statements.

Plaintiffs' overbreath and burdensomeness argument is

---

[4] Plaintiffs did not argue that they have any other contemporaneously maintained record of their business income, such as a ledger.

unsupported.  The time period covered by the defendant's discovery requests – the year of the accident to the present – is three years.  This period is not overly broad.  Nor can the plaintiffs convincingly argue that producing account statements for three years is unduly burdensome.  Banks and other financial institutions typically provide customers with monthly or quarterly statements showing deposits and withdrawals.  Plaintiffs have not explained how producing their account statements is unduly burdensome. Moreover, the plaintiffs must have known that by making a lost earnings claim they would have to offer evidence to prove Rodney Fontana's pre- and post-accident earnings.  Because the plaintiffs operated their business through their personal accounts, they had the duty to maintain those account records.  Even if the plaintiffs no longer have their account statements, they can obtain them from their bank or other financial institution, or they can authorize the bank or financial institution to provide them to the defendant.

   Defendant's argument, when applied to its request for credit card and telephone records, is not convincing.  Credit card and telephone records will likely not reveal sufficiently specific information from which it could be determined whether plaintiff Rodney Fontana was "out and about" during the time he claims to have been sick and in bed.[5]  Further discovery, primarily another deposition of the plaintiffs, would likely be needed to show the

---

[5] Record document number 21, supporting memorandum, p. 5.

circumstances when the credit card was used.  The time and expense likely to be expended to derive relevant admissible evidence based on the plaintiffs' credit card and telephone records outweighs the possible benefit the defendant might obtain.  Pursuant to Rule 26(b)(2)(C), Fed.R.Civ.P., this discovery will not be allowed.

Accordingly, the defendant's Motion to Compel is granted in part and denied in part.  Within 10 days the plaintiffs shall:

1) serve a supplemental answer to defendant's Interrogatory No. 4 which provides the requested information for (A) their bank accounts and (B) any account at any another financial institution in which the plaintiffs  deposited the proceeds from their business or made withdrawals for their business; and,

2) produce documents responsive to Request for Production No. 4 for (A) their bank accounts and (B) any account at any another financial institution in which the plaintiffs deposited the proceeds from their business or made withdrawals for their business.

In all other respects, the defendant's motion is denied.

Pursuant to Rule 37(a)(4)(C), Fed.R.Civ.P., the parties shall bear their respective cost incurred in connection with this motion.

Defendant shall have 30 days from the date the plaintiffs provide the requested information and documents to serve subpoenas on the financial institutions identified by the plaintiffs to obtain any financial records not produced by the plaintiffs.

5

Plaintiffs are required to sign whatever authorizations are required by their financial institutions for the production of such records.

Baton Rouge, Louisiana, January 18, 2008.

_Stephen C. Riedlinger_
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE