UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RODNEY J. FONTANA, ET AL

VERSUS

CEC ENTERTAINMENT, INC., D/B/A
CHUCK E. CHEESE'S, ET AL

CIVIL ACTION

NUMBER 07-37-JVP-SCR

**RULING ON MOTION TO COMPEL DISCOVERY**

Before the court is the Motion to Compel Answers to Interrogatories and Response to Request for Production of Documents filed by plaintiffs Rodney J. Fontana and Sherrie Fontana. Record document number 22. The motion is opposed.[1]

Plaintiffs alleged that Rodney J. Fontana was seriously injured when a Wave Runner he was riding at the defendant's restaurant in Lafayette, La., malfunctioned, causing him to fall off. Plaintiffs asserted claims based on various theories: negligence, failure to warn, "defective operation of the Wave Runner machine," custody of an "unduly dangerous and defective Wave Runner machine," the "unsafe condition or 'ruin' of the Wave Runner machine," "failure to service and maintain the Wave Runner machine," maintaining an unreasonably dangerous premises, and strict liability.[2]

Plaintiffs' Interrogatory No. 20 sought information regarding

---

[1] Record document number 24.

[2] Record document number 1, attachment to Notice of Removal, Petition for Damages, ¶¶ V, VII, IX and X.

"any notice or complaint from any person of injuries sustained while on any Wave Runner amusement ride."[3] The interrogatory has no time limit. Plaintiffs' Request for Production No. 9 sought production of "any and all accident reports, the reports of incidents, complaints, or claims arising from [the defendant's] restaurants, involving Wave Runner amusement ride, for the past five (5) years."[4]

Defendant objected to these discovery requests as overbroad, unduly burdensome and harassing. Nonetheless, the defendant provided a list of claims related to the Wave Runner at the Lafayette location.[5]

Plaintiffs moved to compel the defendant to make a full and complete response to these two discovery requests. Plaintiffs argued that "[e]vidence of claims involving other Wave Runner machines [is] relevant to this matter insofar as plaintiffs seek to determine if the other Wave Runner machines have had failed air regulator valves similar to the Wave Runner machine in the Lafayette location."[6]

Defendant argued in its opposition memorandum that the

---

[3] Record document number 22, Exhibit A.

[4] Record document number 22, Exhibit B.

[5] *Id.* The information about the accidents at the Lafayette location was provided to the plaintiffs on or about October 2, 2007. The list described five accidents.

[6] Record document number 22, supporting memorandum, p. 3.

plaintiffs' expert witness did not identify any defect in the design of the Wave Runner or the air valve, nor any defect in the manufacturing of either the Wave Runner or the air valve.[7] Therefore, defendant asserted, the plaintiffs' claims are based solely on the defendant's knowledge that the Wave Runner at the Lafayette location was not operating properly yet continued to allow it to remain in operation.[8]

Plaintiffs' argument is unpersuasive.  Plaintiffs have not explained how the requested information and documents could constitute relevant evidence in this case, or how it would reasonably lead to the discovery of relevant admissible evidence. Without support for their defective product theory, the plaintiffs' remaining liability theories require proof of conduct and actions specific to the Wave Runner at the Lafayette location.  Accidents in which a rider simply fell off a Wave Runner at another location

---

[7] Record document number 24, opposition memorandum, Exhibit E. The expert used the terms "bad" and "defective" to describe the air valve which was replaced.  However, he did not explain what condition of the air valve caused it to fail or constituted a defect.  Nor did he conclude that either the Wave Runner or the air valve failed to meet any applicable design or manufacturing specifications. Rather, he explained that "[m]ost air valves (sic) failures are progressive. ... The seals become worn and start to leak and over time the leakage becomes greater."  The expert was not able to examine the valve which was replaced because it had been discarded by the defendant's repair technician.  Therefore, in the context of this case, the experts use of the terms "bad" and "defective" means only that the air valve stopped functioning properly.

[8] Record document number 24, opposition memorandum, p. 5.

3

are not likely to be relevant to the plaintiffs claims in this case.

Defendant attached to its opposition memorandum information about accidents at its Metairie, La., location.[9] Defendant offered this additional information to support its argument that production of accident information and documents from its other restaurants is not warranted when the cost of the production is considered.

Defendant's argument is persuasive.  The likelihood of any relevant evidence being found in the accident records from the defendant's other locations is vastly outweighed by the cost of producing the records.  Therefore, requiring the defendant to provide information and produce documents for an additional 487 restaurants is not warranted.[10]

When a motion to compel discovery is denied, the court shall require the moving party or the attorney filing the motion, or both of them, to pay to the party opposing the motion the reasonable costs incurred in opposing the motion unless the court finds that making the motion was substantially justified or other circumstances make an award of expenses unjust.  Rule 37(a)(4)(B), Fed.R.Civ.P.  Plaintiffs' motion was not substantially justified and no circumstances make an award of expenses unjust.  With no

---

[9] Record document number 24, opposition memorandum, Exhibit F.

[10] Defendant stated it has 489 restaurants nationwide, and it has produced information for two of them. Record document number 24, opposition memorandum, p. 5.

expert support for liability based on a defective product theory, relevant evidence would be evidence related to the Wave Runner at the Lafayette location. Plaintiffs' motion sought to compel production of irrelevant information and documents, the production of which would not reasonably be expected to lead to the discovery of relevant admissible evidence.

Defendant did not submit anything to support an award of any particular amount of expenses and attorney's fees. Defendant's opposition served the dual purpose of opposing both the plaintiffs' motion to compel discovery and their motion to extend the scheduling order deadlines. An award of $150.00 is reasonable to compensate the defendant for the expenses and attorney's fees incurred in opposing the plaintiffs' motion to compel discovery.

Accordingly, the plaintiffs' Motion to Compel Answers to Interrogatories and Response to Request for Production of Documents is denied. Defendant is awarded reasonable expenses and attorney's fees in the amount of $150.00, to be paid by the plaintiffs within 10 days.

Baton Rouge, Louisiana, January 22, 2008.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE